UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LUIS CANDELARIA,

          Petitioner,

          v.

BEVERLEY HASTINGS,

          Respondent.

Civil Action No. 12-3846 (PGS)

**OPINION**

**SHERIDAN**, District Judge

    Petitioner Luis Candelaria ("Petitioner"), a prisoner currently confined at East Jersey State Prison in Rahway, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, the petition will be dismissed as second or successive.

**I. BACKGROUND**

    Petitioner challenges a judgment of conviction entered in the Superior Court of New Jersey, Mercer County, on February 28, 1996, and amended on September 24, 1998, after a jury found him guilty of 20 counts of armed robbery and burglary. (Pet. ¶ 1(a).) The trial court granted the State's motion for an extended term and sentenced Petitioner to an aggregate sentence of life imprisonment plus 105 years, with a 60-year period of parole ineligibility. *State v. Candelaria*, 710 A.2d 545 (N.J. Super. Ct. App. Div. 1998). On appeal, the Appellate Division affirmed the convictions, but directed the trial court to modify the aggregate sentence to that of life imprisonment plus 40 years, with a 39-year period of parole ineligibility. *Id.* The Supreme Court of New Jersey denied certification. *State v. Candelaria*, 715 A.2d 990 (N.J. 1998).

    Petitioner's first petition for post-conviction relief ("PCR") was denied by the Law

Division on August 27, 2001. *State v. Candelario*, A-1200-01T4 (N.J. Super. Ct. App. Div. Mar. 6, 2003). Petitioner appealed and the Appellate Division affirmed the denial of relief. *Id.* On June 20, 2003, the Supreme Court of New Jersey denied certification. *State v. Candelaria*, 827 A.2d 290 (N.J. 2003).

On June 4, 2004, Petitioner filed his first petition for a writ of habeas corpus, which the Court subsequently dismissed as untimely. *Candelario v. Hendricks*, Civil Action No. 04-2969 (SRC). Thereafter, on July 23, 2010, Petitioner filed his second PCR petition, which was denied on August 3, 2010 as procedurally barred. *State v. Candelaria*, 2011 WL 5572840 (N.J. Super. Ct. App. Div. Nov. 17, 2011). Petitioner appealed and the Appellate Division affirmed the denial. *Id.* The Supreme Court of New Jersey then denied certification. *State v. Candelaria*, 42 A.3d 889 (N.J. 2012).

On June 12, 2012, Petitioner filed the instant habeas petition. (ECF No. 1.) Pursuant to this Court's *Mason* notice, *see Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), Petitioner withdrew his initial petition and submitted an "all-inclusive" petition. (ECF No. 8.) Petitioner raises the following grounds for relief in his amended petition:

> POINT ONE: THE PETITIONER SHALL PRESENT THE ARGUMENT ON THE PROCEDURAL BAR THAT WAS PRESENTED AND DENIED BY THE LOWER COURT ON POSTCONVICTION RELIEF, WHICH IS THE ESSENCE OF THE PRESENT APPEAL
>
> POINT TWO: IN THE CASE BEFORE THIS HONORABLE FEDERAL COURT IT IS RESPECTFULLY SUBMITTED THAT APPELLANT, LUIS CANDELARIA, WAS SUBJECTED TO AN ILLEGAL SENTENCE IN VIOLATION OF APPELLANT'S RIGHT TO A FAIR AND IMPARTIAL TRIAL AND PERMISSIBLE SENTENCE, WHICH IS GUARANTEED BY THE NEW JERSEY AND UNITED STATES CONSTITUTIONS, INCORPORATING DUE PROCESS OF LAW, FUNDAMENTAL FAIRNESS, EQUAL PROTECTION AND VIOLATION OF CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS REQUIRING REVERSAL OF DEFENDANT'S CONVICTION

AND SENTENCE BASED ON FUNDAMENTAL INJUSTICE AND IMMEDIATE RELEASE OR IN THE ALTERNATIVE REDUCTION OF THE SENTENCE TO A TERM OF TIME-SERVED WHEREBY DEFENDANT WOULD BE IMMEDIATELY RELEASED FROM HIS ILLEGAL CONFINEMENT

POINT THREE: THE PETITIONER, LUIS CANDELARIA, WAS SUBJECTED TO PHYSICAL ABUSE AND COERCION WHEN HE UNWILLINGLY GAVE A STATEMENT/CONFESSION TO CRIMES HE DID NOT COMMIT. HIS STATEMENT/CONFESSION SHOULD HAVE BEEN SUPPRESSED AND EXCLUDED AS A MATTER OF LAW IN COMPLIANCE WITH THE DOCTRINES OF *MIRANDA V. ARIZONA*

POINT FOUR: DEFENSE COUNSEL WAS INEFFECTIVE FOR HIS FAILURE TO INVESTIGATE AND REVIEW DISCOVERY; TO CALL WITNESS FOR THE DEFENSE; TO OBJECT TO THE ILLEGAL SENTENCE AND TO REPRESENT THE DEFENDANT IN A PROFESSIONAL MANNER WHICH DENIED DEFENDANT HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, REQUIRING THE REVERSAL OF DEFENDANT'S CONVICTION AND SENTENCE AND AN AN ORDER RELEASING DEFENDANT FROM THE CONFINES OF THE EAST STATE PRISON AS PROMULGATED ON THE 5th, 6th and 14th AMENDMENTS TO THE NEW JERSEY AND FEDERAL CONSTITUTION OF THE UNITED STATES AS REQUIRED BY DUE PROCESS OF LAW

(Pet'r's Mem. Supp. Pet., Table of Contents.)

## II. DISCUSSION

### A. Legal Standard

United States Code Title 28, Section 2243 provides in relevant part as follows:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). *See also* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district

court, the judge must dismiss the petition...."

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir.1998); *see also Lewis v. Attorney General*, 878 F.2d 714, 722 (3d Cir. 1989). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. *See Lonchar v. Thomas*, 517 U.S. 314, 320 (1996). *See also* 28 U.S.C. §§ 2243, 2254, 2255.

**B. Analysis**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs a district court's adjudication of a second or successive § 2254 petition.[1] Specifically, § 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[2] Rule 9 of the Rules Governing Section 2254 Proceedings, entitled "Second or

---

[1] Section 2254 of Title 28 of the United States Code confers jurisdiction on district courts to issue "a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court ... on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S .C. § 2254(a).

[2] Once a petitioner moves for authorization to file a second or successive § 2254 application, a three-judge panel of the Court of Appeals must decide within 30 days whether there is a prima facie showing that the application satisfies the substantive requirements of § 2244(b)(2). *See* 28 U.S.C. § 2244(b)(3)(D). *See Magwood v. Patterson*, 130 S.Ct. 2788, 2796 (2010) ("If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court"). Section 2244(b)(2) provides:

4

Successive Petitions," similarly provides: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." 28 U.S.C. § 2254 Rule 9. Thus, § 2244(b)(3)(A) establishes that a District Court lacks jurisdiction over an second or successive § 2254 petition, absent authorization from the Court of Appeals. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007) ("[B]ecause the 2002 petition is a 'second or successive' petition that Burton did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place").

The term "second or successive" is not defined in the statute, but it is well settled that the phrase does not simply "refe[r] to all § 2254 applications filed second or successively in time." *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007). The term has been the subject of substantial discussion in Supreme Court decisions. *Id.* (creating an exception for a second application raising a claim that would have been unripe had the petitioner presented it in his first application); *Stewart v. Martinez–Villareal*, 523 U.S. 637 (1998) (treating a second application as part of a first application where it was premised on a newly ripened claim that had been dismissed from the first

---

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless:
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

application as premature); *Slack v. McDaniel*, 529 U.S. 473 (2000) (declining to apply the bar of § 2244(b) to a second application where the first application was dismissed for lack of exhaustion).

Courts generally are in agreement, however, that the dismissal of a first federal petition as untimely constitutes an adjudication on the merits, rendering any later-filed petition "second or successive." *See, e.g., McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) ("We therefore hold that dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA ....") (cited with approval in *Stokes v. Gehr*, 399 F. App'x 697, 699 n. 2 (3d Cir. 2010)); *Terry v. Bartkowski*, Civil No. 11–0733, 2011 WL 5142859, at *3 (D.N.J. Oct. 28, 2011). Here, as Petitioner's first federal petition was denied as untimely, this Petition is "second or successive."[3]

If a second or successive petition is filed in the district court without an order from the appropriate court of appeals, the district court may dismiss for want of jurisdiction or "shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. *See also Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

Here, Petitioner does not assert that he has received permission from the Court of Appeals

---

[3] In his memorandum, Petitioner appears to argue that his petition is not "second or successive" based on the holding in *Magwood v. Patterson*, 561 U.S. 320, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010). In *Magwood*, the Supreme Court held that when a "habeas application challenges a new judgment for the first time, it is not 'second or successive' under § 2244(b)." *Id.* at 323-324. In this case however, Petitioner is not challenging a new criminal judgment. He is challenging the same judgment of conviction and sentence that he challenged in his first habeas petition and there have been no amendments to that judgment or sentence since the first petition. *See Blant v. Wetzel*, Civil No. 13-3488, 2014 WL 940348, at *1 n.1 (E.D. Pa. Mar. 11, 2014).

6

for the Third Circuit to file this "second or successive" petition. A review of the U.S. Courts' Public Access to Court Electronic Records ("PACER") system does not reflect that Petitioner has sought or obtained leave from the Court of Appeals to file this petition. Accordingly, this Court lacks jurisdiction to consider this unauthorized "second or successive" petition.

The Court finds that it is not in the interest of justice to transfer this action to the Court of Appeals for the Third Circuit, pursuant to 28 U.S.C. § 1631, as Petitioner has failed to allege facts bringing any of the claims within the grounds detailed in § 2244(b) for permitted second or successive claims. Accordingly, the Petition will be dismissed as an unauthorized second or successive petition, without prejudice to Petitioner applying to the Court of Appeals for authorization to file a second or successive petition.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds...a COA should issue when the prisoner shows...that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529

7

U.S. 473, 484 (2000).

Here, jurists of reason would not disagree with this Court's procedural ruling. Therefore, no certificate of appealability will issue.

## IV. CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice as second or successive. No certificate of appealability will issue. An appropriate order follows.

*[signature]* 6/12/14
Peter G. Sheridan, U.S.D.J.